59296. JOHNSON v. THE STATE.

DEEN, Chief Judge.
Frederick Johnson brings this appeal following his conviction of two counts of violating the Georgia Controlled Substances Act.

1. Appellant contends that the trial court erroneously overruled his motion for a directed verdict of acquittal because an accomplice's testimony was not corroborated. The evidence showed that a police officer purchased drugs from appellant on the dates alleged in the indictment. Appellant claims that the testimony of the officer must be corroborated because the officer's

jurisdiction did not extend beyond the city limits of Augusta, Georgia, and the sales took place in Columbia County. "The crime of illegally selling drugs is not one of those listed in Code § 38-121, which would require the testimony of a second witness to support a conviction." *Crews v. State,* 133 Ga. App. 764 (213 SE2d 34) (1975). "An accomplice is defined as one who is associated with others in the commission of a crime, all being principals [cit.]. Participation in the commission of the same criminal act, and in the execution of a common criminal intent, is therefore necessary to render one a criminal, and in a legal sense, an accomplice of another. Criminal intent, therefore, is a necessary ingredient of crime and is essential to render one an accomplice. Where this element is absent, one is not an accomplice. [Cits.]" *Lamar v. State,* 137 Ga. App. 407 (224 SE2d 69) (1976). Under the facts presented in this case the trial court correctly concluded that the officer was not an accomplice and did not err in denying appellant's motion.

2. The indictment alleged a sale of morphine on January 16, 1979, and a sale of marijuana on January 20, 1979, and that the dates were a material averment as to each count. Appellant contends that the trial court erred in charging the jury on each count that they could find him guilty if they believed "beyond a reasonable doubt that the defendant did . . . at any time within four years prior to the time that this bill of indictment was returned, did sell morphine [or sell marijuana] . . ." The state offered proof of sale of the drugs on the dates alleged in the indictment. Evidence of other sales was offered for impeachment purposes only after the defendant testified that he had never sold drugs. Allegations of materiality of dates limit the proof to the dates alleged and none other and proof that the offenses were committed on any other day within the four-year period of limitation would not authorize a verdict of guilty. *Martin v. State,* 73 Ga. App. 573 (hn. 5) (37 SE2d 411) (1946). However, the error is rendered harmless if the state limits its proof to the dates alleged in the indictment. *Bennett v. State,* 130 Ga. App. 510 (203 SE2d 755) (1973). As the state limited its proof to the dates alleged and offered evidence of other sales solely for purposes of impeachment, the charge was harmless

error.

3. The trial court properly admitted evidence of previous drug sales by appellant for purposes of impeachment after he denied making drug sales to the police officer on January 16 and January 20, 1979. *Calloway v. State,* 141 Ga. App. 125 (232 SE2d 603) (1977).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 14, 1980 — DECIDED MARCH 7, 1980.

*Kenneth R. Chance,* for appellant.
*Richard E. Allen, District Attorney, Steven L. Beard, Assistant District Attorney,* for appellee.