414 So.2d 1025 (1982)
Kenneth GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 56903.
Supreme Court of Florida.
April 8, 1982.
Rehearing Denied June 28, 1982.
*1026 Leonard E. Ireland, Jr. of Clayton, Duncan, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before the Court on appeal from a judgment of the Circuit Court of the Eighth Judicial Circuit in Bradford County. Appellant was convicted on two counts of first-degree murder and was sentenced to death. This Court has jurisdiction of his appeal. Art. V, § 3(b)(1), Fla. Const.
The appellant was convicted of killing two young men during the course of a *1027 robbery of a convenience store on the night of September 10, 1975. The indictment was filed on September 11, 1978. Glen Lundgren, who worked at the store on U.S. 301 near Starke, was discovered lying on the floor behind the counter by some late-night customers; he was bleeding from a gunshot wound to the back of his head. Lundgren was taken to Shands Hospital in Gainesville where he died shortly after arrival.
The other victim was Keith Kirchaine, age sixteen, whose body was discovered the following day by the side of a road about three and one-half miles from the store. He was shot at least three times. There was testimony to establish that Kirchaine was visiting with Lundgren at the store when the robbery occurred.
The managers of the store, Thomas and Ernestine Gnagi, were called to the scene that night. Mrs. Gnagi examined the cash register tapes and determined that money had been taken. Mr. Gnagi determined that a pistol he kept at the store was missing. It was a black, .22 caliber revolver which Mr. Gnagi said was loaded when he left it at the store.
Willie James Bryant testified that he drove the appellant and Robert Hinson from Gainesville to Starke on the night of the robbery and murders. They went to the convenience store, Bryant said, and the appellant and Hinson went in. Then Bryant heard a shot. Hinson came out holding a brown paper bag. The appellant came out holding a gun in one hand and young Keith Kirchaine by the other. At appellant's direction, Bryant drove the car down a road until appellant said to stop. Kirchaine pleaded not to be hurt; appellant struck him in the face. Finally, Bryant said, appellant dragged the boy off into the woods and shot him.
Alex Henry testified that in September, 1975, he was appellant Griffin's friend and neighbor. On the morning of September 11, Henry heard the news of the robbery and murder on the radio. That afternoon, Henry said, Griffin came to him and said that he and Willie James Bryant had robbed the store in Starke and that he, Griffin, had shot the two victims. Griffin showed Henry a long, dark-colored .22 caliber revolver. Henry testified that the gun Griffin displayed to him looked like the drawing that depicted Thomas Gnagi's missing gun.
After the presentation of evidence, the court instructed the jury. The judge instructed the jury on felony murder, but neglected to instruct on the elements of the crime of robbery. After the jury retired to deliberate, the judge asked counsel for both sides whether they had any objections or requests for additional instructions. Neither party objected to the failure to instruct on the elements of the underlying felony of robbery.
After several hours of deliberation, the jury sent the trial judge a note which asked, "Judge, if a murder is committed during a robbery, is that automatically first-degree murder?" After consulting counsel for both sides, the judge decided that the best response to this inquiry would be to re-instruct the jury on felony murder, and then did so.
Within a few minutes of re-reading the instruction on felony murder, the judge realized that he had neglected from the beginning to instruct the jury on the underlying felony of robbery. Over defense counsel's objection the court, pursuant to Florida Rule of Criminal Procedure 3.420, recalled the jury to the courtroom and gave the previously omitted instruction. Then the jury again withdrew to deliberate.
Appellant's counsel moved for a mistrial arguing that since the elements of the crime of robbery were not considered by the jury during its first few hours of deliberation, the later instruction on robbery placed undue emphasis on the charge of felony murder. Defense counsel also presented the testimony of the sheriff who said that the bailiff told him that prior to the instruction on the elements of robbery, the jury had indicated that they had reached a verdict. Defense counsel asked the court to question the jurors and determine whether they had reached a decision prior to being again recalled and instructed on robbery. *1028 The court denied both motions. Then the jury returned with a verdict of guilt on both charges of first-degree murder.
The appellant raises several questions regarding the propriety of the jury instructions. First, he argues that the court erred in twice instructing on felony murder without including the elements of the underlying felony of robbery. He cites State v. Jones, 377 So.2d 1163 (Fla. 1979), and Robles v. State, 188 So.2d 789 (Fla. 1966), which hold that in a felony murder case, there must be an instruction on the underlying felony. The present case is distinguishable because here the omission was inadvertent and when the judge discovered his mistake, he immediately acted to correct it. Florida Rule of Criminal Procedure 3.420 provides that the court may recall the jury to the courtroom to correct an erroneous instruction. This authority encompasses the giving of additional instructions that were inadvertently omitted.
Appellant also argues that the court erred when it re-instructed on felony murder without also re-instructing on premeditated murder. Although repeated instructions must be complete, they are matters within the discretion of the trial judge. Here the re-instruction on felony murder was in response to a specific question from the jury. It was complete in itself even though the judge did not repeat all of his instructions. Under these circumstances, the court's action was not an abuse of discretion. See Henry v. State, 359 So.2d 864 (Fla. 1978).
Next appellant contends that the instruction on the elements of robbery was incomplete in that it was not accompanied by an instruction on the presumption of innocence and because it unduly emphasized the felony-murder feature of the instructions and evidence. At the trial, appellant did not ask for repetition of the instruction on the presumption of innocence so that argument will not be considered now. Castor v. State, 365 So.2d 701 (Fla. 1978); Williams v. State, 285 So.2d 13 (Fla. 1973); Fla. R.Crim.P. 3.390(d). As in Castor, the jury had already once been fully instructed on the matter in question. Moreover, the court told the jury to consider the additional instruction (on the felony of robbery) along with all the instructions previously given. Appellant's "undue emphasis" argument is without merit. The judge recalled the jury to instruct on robbery as soon as he became aware of the inadvertent omission. That the instruction was given four hours after the jury began deliberating is insufficient without more to show that the instruction placed an undue emphasis on the felony murder theory. See Weirum v. RKO General, Inc., 123 Cal. Rptr. 468, 539 P.2d 36, 15 Cal.3d 40 (1975) (giving previously omitted instruction on third day of deliberations was proper).
Appellant's final argument concerning jury instructions is that the court erred in not instructing on second-degree felony murder. However, appellant did not request such an instruction, nor did he object to its omission. Therefore the issue is not properly presented to us and we will not consider it. Dorminey v. State, 314 So.2d 134 (Fla. 1975); Williams v. State, 285 So.2d 13 (Fla. 1973); Moore v. State, 299 So.2d 119 (Fla.3d DCA 1974); Fla.R.Crim.P. 3.390(d).
Appellant contends that the court erred in denying his motion to dismiss the indictment charging him with premeditated murder. He argues that the practice of allowing the state to proceed on alternative theories of premeditation and felony murder without specifying which theory it will proceed on denies due process of law. This argument is without merit. Knight v. State, 338 So.2d 201 (Fla. 1976).
Finally, appellant argues that it was error to enter judgment on the verdict announced in court since it was not the first verdict reached by the jury. For a verdict to become valid, however, it must be announced in the courtroom in the presence of the jurors and the accused. Brewer v. State, 53 Fla. 1, 43 So. 423 (1907). Even if we assume the truth of the factual basis of this argument  that the jurors had previously reached a decision  the fact that *1029 there was an earlier determination by the jury does not necessarily call the validity of the later verdict into question. If it appears that a mistake or oversight needs to be corrected, the court may send the jury back for further deliberations and with additional instructions before receiving its determination as a verdict. 89 C.J.S. Trial § 475 (1955); see Jordan v. Yankey, 260 Md. 237, 272 A.2d 46 (1971).
We turn now to the question of the sentence of death. First, appellant claims that the imposition of a death sentence upon a jury verdict rendered after a trial fraught with multiple judicial errors would be a denial of due process of law. Since we have considered each of appellant's contentions of error and found them to be without merit, we reject this argument. We also reject appellant's arguments that the capital felony sentencing law is unconstitutional on its face or as applied. Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); Spinkellink v. Wainwright, 578 F.2d 582 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).
With regard to the murder of Glen Lundgren, the trial judge found three statutory aggravating circumstances: that the appellant was previously convicted of a felony involving violence, § 921.141(5)(b), Fla. Stat. (1975), that at the time of the capital felony, the appellant was on parole under a sentence of imprisonment, § 921.141(5)(a), and that the capital felony was committed in the course of a robbery. § 921.141(5)(d). The judge found no mitigating circumstances.
With regard to the murder of Keith Kirchaine the judge found the above-listed aggravating circumstances plus two more: that the capital felony was committed for the purpose of avoiding arrest and prosecution, § 921.141(5)(e), and that the capital felony was especially heinous, atrocious, and cruel. § 921.141(5)(h). The court found no mitigating circumstances.
That the appellant was previously convicted of a felony involving violence to the person of another was established by showing his conviction of the crime of manslaughter. It was also shown that appellant was on parole at the time of the murders, and this establishes the "under sentence of imprisonment" circumstance. Aldridge v. State, 351 So.2d 942 (Fla. 1977), cert. denied, 439 U.S. 882, 99 S.Ct. 220, 58 L.Ed.2d 194 (1978).
There was also ample evidence that the convenience store was robbed and that the murders were committed while appellant was engaged in or in flight after committing the robbery.
That the murder of Kirchaine was committed for the purpose of avoiding or preventing arrest was also adequately shown. Kirchaine was a potential witness who could have identified appellant and testified about the robbery and the murder of Lundgren. Clark v. State, 379 So.2d 97 (Fla. 1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981).
Finally, the finding that the murder of Kirchaine was especially heinous, atrocious, or cruel is supported by the evidence that the victim was abducted from the store and shot several times over his pleas for mercy. See, e.g., Knight v. State, 338 So.2d 201 (Fla. 1976).
The jury recommended death. Since there were no mitigating circumstances, it is clear that the appropriate punishment for each of these first-degree murders with multiple aggravating circumstances is death. We affirm the judgments of conviction and the sentences of death.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.