## 71910. DIXON v. THE STATE.
(339 SE2d 775)

BANKE, Chief Judge.

The defendant appeals his conviction of selling cocaine in violation of the Georgia Controlled Substances Act. The state's evidence consisted, in essence, of testimony by an undercover agent to the effect that he had purchased a quantity of purported cocaine from the defendant, combined with expert testimony to the effect that the substance was in fact cocaine. *Held:*

1. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty as charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980). The defendant's denial that the transaction had taken place merely created a fact issue to be resolved by the jury. The defendant's contention on appeal that the testimony of the undercover agent was required to be corroborated is without merit. Accord *Johnson v. State*, 153 Ga. App. 771 (1) (266 SE2d 551) (1980); *Hart v. State*, 149 Ga. App. 785 (1) (256 SE2d 127) (1979). See generally OCGA § 24-4-8.

2. The defendant enumerates as error the admission of the undercover agent's testimony that on a certain occasion subsequent to the sale, he had seen the defendant involved in a fight at a local club. The trial court instructed the jury at the time this testimony was admitted that it was for identification purposes only and that whether or not the defendant had been involved in a fight did not itself have

anything to do with the case. Although the defendant contends on appeal that the testimony improperly placed his character in issue, his only objection at trial was that the testimony was irrelevant and possibly prejudicial.

The testimony was clearly relevant for the purpose of establishing the agent's ability to identify the defendant as the person from whom he had purchased the cocaine. Thus, the objection as made was properly overruled. Accord *Felker v. State*, 252 Ga. 351, 364 (314 SE2d 621) (1984). Furthermore, "[e]vidence that is otherwise relevant or material to the issues in a criminal case does not become inadmissible simply because it concerns separate offenses, or because it incidentally puts a criminal defendant's character or reputation in evidence. (Cit.)" *Drake v. State*, 245 Ga. 798, 802 (267 SE2d 237) (1980). Thus, the testimony would have been admissible even over the objection that it placed the defendant's character in issue.

3. The defendant contends that the trial court erred in allowing the state to impeach him by introducing rebuttal evidence of his previous convictions for possession and sale of marijuana and possession of cocaine.

During the course of his testimony at trial, the defendant admitted to having used cocaine in the past but denied having ever sold the drug. On re-cross-examination, when asked, "Mr. Dixon, you sure you don't sell drugs?" he replied, "No."

"[W]here a defendant admits any prior criminal conduct less than all his criminal offenses, he has put his character in issue within the meaning of OCGA § 24-9-20 (b), . . . by attempting to portray his character, albeit bad, as being better than it actually is. Thus, when a defendant admits any prior criminal conduct, the prosecutor may cross-examine him as to such conduct and may prove other prior convictions." *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985). Because the defendant's admission that he had previously used cocaine constituted an admission of "prior criminal conduct" and because he had sought to portray himself as not having previously sold drugs, it follows that the evidence of the prior convictions was properly admitted. Accord *Murray v. State*, 157 Ga. App. 596 (1) (278 SE2d 2) (1981).

4. The defendant's final enumeration of error concerns the trial court's action in recalling the jurors after they had begun their deliberations to instruct them that the evidence of the prior convictions should be considered solely for impeachment purposes. The defendant contends that this charge was improper because it operated to give "undue weight and emphasis" to the evidence in question. This enumeration of error is without merit. See generally *Barraza v. State*, 149 Ga. App. 738, 739 (256 SE2d 48) (1979).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 17, 1986.

*Stephanie J. Batcheller,* for appellant.
*Richard A. Malone, District Attorney, William H. McClain, Assistant District Attorney,* for appellee.