744 P.2d 712

**STATE of Arizona, Appellee,**

v.

**Joe Paul GOVAN, Appellant.**

**No. 1 CA–CR 9606.**

Court of Appeals of Arizona, Division 1, Department B.

May 14, 1987.

Review Denied Oct. 20, 1987.

The incident which gave rise to the criminal charges in this case occurred on April 5, 1980. The appellant and Ms. Sharon Keeble, with whom he had been living for three years, argued over the appellant's alleged molestation of the victim's teenage daughter. The victim eventually fired a shot at the appellant. The appellant then left the scene, but later that day returned and was observed again arguing with the victim. The victim borrowed a neighbor's telephone and attempted to call the police. While the victim was attempting to dial the phone, the appellant pulled a gun out of his pocket and shot at the victim, striking her in the neck. As a result she was paralyzed from the neck down. The appellant told police that he had not intended to shoot the victim, but had drawn his gun and fired behind him without taking aim.

On May 1, 1980, the state charged appellant with aggravated assault for shooting Ms. Keeble. During Ms. Keeble's hospitalization, appellant visited her and they were subsequently married. The aggravated assault charge was dismissed without prejudice on March 11, 1981. Due to her quadriplegia Ms. Keeble suffered from several ailments and needed constant care. In January, 1985, the victim contracted pneumonia and died. Appellant was subsequently charged with second degree murder and convicted of manslaughter.

On appeal, the appellant argues:

1. The trial court erred in denying defendant's motion for a mistrial based on an erroneous self-defense instruction.

2. The court committed reversible error by instructing the jury on the lesser-included offense of manslaughter over his objection.

3. The court erred in failing to grant defendant's motion for judgment of acquittal based on lack of substantial evidence to warrant a conviction.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and John B. Barkley, Asst. Atty. Gen., Phoenix, for appellee.

Bendalin, LaRiche & Cook by S. Alan Cook, P.C., Phoenix, for appellant.

GREER, Judge.

On May 13, 1985, appellant was indicted on one count of second degree murder. Following a jury trial, he was convicted on October 18, 1985, of the lesser-included offense of manslaughter. He was sentenced to a mitigated term of imprisonment of six years.

## SELF–DEFENSE INSTRUCTION

At the close of the case, the trial court instructed the jury on self-defense using the same Recommended Arizona Jury Instruction that was held to be fundamental

error in *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). *See also, State v. Tittle*, 147 Ariz. 339, 710 P.2d 449 (1985). Later, during the jury's deliberations, the prosecutor advised the court that the instruction on self-defense was probably erroneous under *Hunter*. No objection to the instruction had been made by the defense counsel. After discussing the case with counsel, the court decided to call the jury into the courtroom. Before the jury could be called they informed the court that a verdict had been reached. The court then brought the jury in and read an amended self-defense instruction to them, gave them copies of it, and directed them to return to reconsider any verdict they might have reached in light of this new instruction. After the instruction was given to the jury, appellant moved for a mistrial. The trial court denied the motion, stating that appellant had not been prejudiced by the instruction. However, the jury deliberated for only a few minutes before advising the court that it had again reached a verdict. The jury then rendered a verdict of guilty of manslaughter.

On appeal, appellant argues that this case is controlled by *Hunter*. He appears to argue that because the trial court initially instructed the jury with the instruction that was found fundamentally erroneous in *Hunter*, that error alone constitutes cause to reverse the conviction. He argues that the court's error was not corrected by the later, amended instruction because: the court did not withdraw the incorrect instruction; the trial court told the jurors that he must give them a self-defense instruction because the supreme court required it; and the jury had already reached a verdict at the time the court attempted to provide it with a new, amended self-defense instruction.

While suggesting that the court erred in not withdrawing the incorrect instruction, counsel goes on to state that, "the *sole* question presented here is whether, after the jury has already reached a verdict, the court can, under the circumstances of this case, correct that error." Without any citation to authority, counsel concludes that the court could not give an amended instruction under these facts, i.e. where the jury had indicated it had reached a verdict. We believe that the question before us is whether a jury, after deliberations have ended, but prior to the reading of the verdict in open court, can be given an amended instruction by the trial court and be sent back for further deliberations.

Given the facts present here, the trial court did not err in giving the supplemental instruction to the jurors. Pursuant to Rule 22.3, Arizona Rules of Criminal Procedure, the trial court may recall the jury and give them appropriate, additional instructions. *See also, Dixon v. State*, 177 Ga.App. 506, 339 S.E.2d 775 (1986) (trial court did not commit error by recalling jury after they had begun their deliberations to instruct them on the use of evidence of prior conviction solely for impeachment purposes); *Durrough v. State*, 672 S.W.2d 860, 874–75 (Tex.App.1984) (court may, before verdict, withdraw and correct its charge, if convinced an erroneous charge has been given).

▪ In a case similar to this one, the court in *Griffin v. State*, 414 So.2d 1025 (Fla.1982), summoned jurors back into the courtroom after they had been deliberating for several hours. The court had neglected to instruct the jurors on an underlying felony for purposes of the application of the felony murder rule. Over defense objection, the court recalled the jurors and gave the previously omitted instruction. *Id.* at 1027. Defense counsel alleged that the jurors had already reached a verdict, but the appellate court found that an earlier determination by the jurors did not call the later verdict into question. The court ruled that for a verdict to be valid and final it must be announced in the courtroom in the presence of the jurors and the accused. *Id.* at 1028. Thus, if it appears that a mistake or oversight needs to be corrected, the court may send the jury back for further deliberations with additional instructions before receiving its determination as a verdict. *Id.* at 1029; *Jordan v. Yankey*, 260 Md. 237, 272 A.2d 46 (1971).

■ In this case, when the trial court was made aware of the defect in the self-defense instructions, he immediately conferred with counsel. After preparing a proper instruction, he recalled the jury to the courtroom. When the jurors were recalled to the courtroom, they indicated that a verdict had been reached. However, the trial judge explained to the jurors that he had made a mistake in the instructions that he had given them, and that he had forgotten to give them an instruction which dealt with the issue of justification based on self-defense. He also told the jury it was necessary to give an instruction which indicated that the state had the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense once that defense was raised. In addition, the judge told the jury that he was going to give, as he had with the other jury instructions, three copies of the instruction. He then asked them to go back in and deliberate, and give consideration to the instruction before arriving at a verdict. The jurors were also advised that if the instruction affected what they had already done, then they should arrive at a new verdict after considering the instruction.

As soon as the jury returned to deliberate, defense counsel moved for a mistrial based on the fact that the jury indicated it had already reached a verdict. The prosecutor noted, though, that the new instruction favored the defense because it highlighted the instruction for the defendant, and that a mistrial was unwarranted. The central problem is that once the jurors have reached a decision it might be their natural inclination to stick with it without giving due consideration to the amended instruction. What happened here was unfortunate and something to be avoided. There is, however, no indication that the jurors did not reanalyze the case against the appellant in light of the new instruction from the judge. No reversible error occurred.

Appellant's counsel suggests that this additional instruction was confusing when considered with the other instructions on self-defense. However, it is clear that none of the instructions given by the court to the jury before they initially retired to deliberate clarified the state's burden with respect to a plea of justification based on self-defense. The additional instruction was not confusing, and it should have been considered with the other instructions given on self-defense.

■ Finally, we reject appellant's argument that the trial court's mention of what the supreme court required constituted fundamental, reversible error. Prior to giving the additional instruction, the court informed the jury:

That's an important instruction that I have to specifically give you, because the Supreme Court has said that when that is raised I have to give an instruction on it which indicates that the State has the burden of proving beyond a reasonable doubt that the Defendant did not act in self-defense. . . .

In the context in which it was mentioned, it was clear that the trial court was taking full responsibility for the error in failing to advise the jury regarding the defense of self-defense. In any event, there was no objection to the mention of the supreme court in the trial court.

## LESSER–INCLUDED OFFENSE INSTRUCTION

Appellant argues that the court committed reversible error when it instructed the jury on the lesser-included offense of manslaughter. The state requested the instruction, and defense counsel objected on the ground that there was no evidence supporting it. Appellant argues that the court erred in giving the instruction over objection because there was no factual support for it and it was inconsistent with the defense theories of the case. He contends that the theory of self-defense excluded the possibility of his having committed manslaughter because he had to take the position that he committed an intentional act, but only in self-defense. He concludes that he was guilty of either second degree murder or nothing.

■ At trial, the appellant did not object to the giving of the instruction on the basis that it was in conflict with his theory of

self-defense, but only on the basis that there was no evidence to support the instruction. A specific objection to an instruction on one ground does not preserve an objection to it on any other ground. *State v. Michael,* 107 Ariz. 126, 132, 483 P.2d 541, 547 (1971). Furthermore, Rule 22.3, Arizona Rules of Criminal Procedure, clearly states that both the defendant and prosecutor are entitled to instructions on any offense charged or any lesser-included offense for which there is evidentiary support. *See also State v. Celaya,* 135 Ariz. 248, 251, 660 P.2d 849, 851 (1983).

■ In this case, the appellant's version of the shooting was introduced through the testimony of a police officer to whom he had given a statement shortly after the shooting occurred. In that statement, the appellant said that as he was walking down the stairs from the landing area in front of the victim's apartment he looked back over his shoulder and observed the victim opening up her purse. He then turned and fired without aiming. He also told the officer that he did not realize that he had hit the victim until he heard her daughter yelling. He then ran down the stairs in a panic and fled from the scene.

The fact that the appellant and the victim were arguing at the time the victim was shot, combined with the earlier shooting by the victim and appellant's statement that he did not actually aim at the victim when he fired, may well have convinced a rational trier-of-fact that the appellant's act was done recklessly, i.e. without a reasonable belief that the victim was about to draw her weapon and fire at him again. Thus, it is clear that his act may well have fallen within that conduct proscribed by A.R.S. § 13–1103(A)(1), which states that "A person commits manslaughter by: Recklessly causing the death of another person; ...." The trial court did not err in instructing on the offense of manslaughter over the objection by appellant's counsel.

### DENIAL OF MOTION FOR JUDGMENT OF ACQUITTAL

The appellant argues that he cannot be convicted of anything because there was no evidence to show that the shot he fired caused the quadriplegia of the victim. Defense counsel argued that the state needed to bring in a doctor from every institution that treated Ms. Keeble to show that the quadriplegia was the direct result of the gunshot wound. He then concluded that, "as to the rest of it, I would just say there is insufficient evidence." In denying the motion, the trial court properly noted that there was uncontroverted evidence that the victim had been taken immediately to a hospital in the Phoenix area and remained a quadriplegic until her death. In addition, both of the doctors who testified at trial said, without objection, that the cause of death was pneumonia stemming from the quadriplegia, which was caused by a gunshot wound to the neck.

■ In this case, there was substantial, if not overwhelming, evidence that the gunshot to the victim's neck resulted in her immediate paralysis and quadriplegia. It was not error to deny the motion for judgment of acquittal. *See State v. Ramirez,* 142 Ariz. 171, 175, 688 P.2d 1063, 1067 (App.1984).

■ The appellant also argues, based on *State v. Hall,* 129 Ariz. 589, 633 P.2d 398 (1981), that the death was not the natural result of his having shot the victim. In *Hall,* the court first distinguished between cases where an intervening event was a coincidence and those where it was a response to the defendant's prior actions. 129 Ariz. at 594, 633 P.2d at 403. It then stated that,

A defendant's actions may still be a proximate cause of death regardless of the type of intervening act that occurred, but as 'common sense would suggest, the perimeters of legal cause are more closely drawn when the intervening cause was a matter of coincidence rather than response.'

*Id.,* citing LaFave, *Criminal Law,* § 35, pp. 257–58. Thus, an intervening cause that was a coincidence will be a superseding cause when it was unforeseeable. Alternatively, an intervening cause that was

a response will be a superseding cause only where it was abnormal and unforeseeable. *Id.* Appellant's action would not be a proximate cause of Ms. Keeble's death if the chain of natural effects and causes was either non-existent because of or broken by intervening events which were unforeseeable and hence were superseding events. *Id.* Here there were no intervening events which could be characterized as superseding. In this case, it is clear that the gunshot wound resulted in the quadriplegia. Furthermore, medical testimony proved that the quadriplegia, including the complications caused by the tracheostomy, eventually resulted in a "response" to that condition, which resulted in the victim's death. Thus, the appellant's conduct was a proximate cause of the victim's death and he is criminally liable for it.

The appellant refines his argument on appeal to contend that the victim simply gave up her will to live, and this broke the chain of causation between the shooting and her death. He points out that the victim did not seek medical attention for at least two weeks after she knew that she was ill.

 This argument was never presented to the trial court. Ordinarily we would not review a matter not argued below, but to allow a conviction to stand that is not supported by the evidence would be fundamental error. However, we do not find appellant's argument persuasive. Although a victim may break the chain of causation by voluntarily doing harm to himself, this should not be so when an individual causes the victim to commit suicide or lose the will to live because of extreme pain from wounds inflicted by the appellant, or when the wound has rendered the victim irresponsible. *See Stephenson v. State,* 205 Ind. 141, 179 N.E. 633 (1932); *State v. Angelina,* 73 W.Va. 146, 80 S.E. 141 (1913); *People v. Lewis,* 124 Cal. 551, 57 P. 470 (1899). The impact of quadriplegia on a person's physical and mental well-being may be equated with the effects of extreme pain. Thus, the rationale in *Hall, supra,* applies also to the relationship between the gunshot wound and the alleged loss of will

to live. The appellant's conduct could be regarded as a proximate cause of the victim's death, and he would still be criminally liable for it.

Judgment and sentence affirmed.

CORCORAN, P.J., and KLEINSCHMIDT, J., concur.