**John Eldon SMITH, or Anthony Isalldo Machetti, Petitioner-Appellant,**

v.

**Charles BALKCOM, Warden, Georgia State Prison, Respondent-Appellee.**

No. 81–7043.

United States Court of Appeals, Fifth Circuit.*
Unit B

May 10, 1982.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Robert C. Glustrom, Decatur, Ga., John Charles Boger, New York City, Anthony G. Amsterdam, Stanford Univ. Law School, Stanford, Cal., Samuel R. Gross, New Haven, Conn., for petitioner-appellant.

Susan V. Boleyn, Atlanta, Ga., for respondent-appellee.

Before HILL, Circuit Judge, SMITH **, Judge, and HENDERSON, Circuit Judge.

## ORDER

Post-conviction litigation in cases involving the death penalty is, apparently, conducted by counsel for the condemned and for the State in such fashion that emergency motions for extraordinary, last minute relief are the order of the day. If there be no emergency, it appears that counsel will work together to create one, lest orderly court processes be substituted for "eleventh hour" emergencies.

This case is no exception.

On March 29, 1982, this court, 671 F.2d 858 (5th Cir.), issued its order on rehearing fully affirming the denial, by the district court, of petitioner-appellant's application for writ of habeas corpus. At that time, an application to this court for a stay of the issuance of its mandate could have been processed and decided orderly. Our clerk held the mandate for seven days in anticipation of the filing of such an application, but none was filed.

The mandate issued. The case was affirmed.

Thereafter, in a hearing before the district court on the question of stay, it was made to appear that there was nothing to stay. No date for appellant's execution had been set. All that remained to be done was

for appellant's counsel to proceed with a petition to the Supreme Court for review. To create an emergency, it would be necessary that the Georgia Superior Court set a new execution date.

So, on April 29, 1982, well within the time available to appellant for filing with the Supreme Court, counsel for the State appeared before the Honorable C. Cloud Morgan, Judge of the Superior Courts, Macon Judicial Circuit, and obtained an order setting the execution for May 18, 1982. Thus did counsel for the State destroy any defense they may have had, on mootness grounds, to an application for stay. Whereas there had been nothing to stay, their efforts created something.

Thus it is that the matter is, again, before us. In a pleading ominously captioned, "*Capital Case Execution is Imminent,*" appellant's attorneys petition us, first, to recall the mandate which, by design or oversight, they did not request us to withhold in the first instance, and, second, to stay the execution which had not been scheduled until State's counsel undertook its setting.

We are not unmindful of what counsel redundantly urge upon us. In this case, execution of the sentence carries a finality unlike other criminal sentences. Neither are we unmindful that the imposition of capital punishment, *per se,* is one of the constitutionally permissible sentences available to the State, and we have found no constitutional infirmity in its imposition here.

Finally, we are persuaded that it is neither meet nor proper that the Justices of the Supreme Court should be required to deal with the question of stay of execution in the face of telegrams, telexed petitions, late-night appearances of tardy counsel, and the rest of the arsenal of urgency crafted around cases of this sort.

Accordingly, the mandate issued in this case is recalled for a period of ten (10) days from the date of this order. The execution of the sentence of death upon petitioner is stayed for a period of ten (10) days from

** Honorable Edward S. Smith, Judge for the U. S. Court of Claims, sitting by designation.

the date of this order. Unless further stayed by the Supreme Court, our mandate shall issue at the end of that time and our stay dissolved. Because our stay extends beyond the date presently set for execution of sentence, we anticipate that the State will have to move for and obtain a new order setting a new date to precipitate a new emergency.