Kenneth **GRIFFIN**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Respondent-Appellee.

No. 84–3196.

United States Court of Appeals, Eleventh Circuit.

May 10, 1985.

Rehearing and Rehearing En Banc Denied June 21, 1985.

Patterson, Bleknap, Webb, & Tyler, Fred Davis, New York City, for petitioner-appellant.

Jim Smith, Atty. Gen., State of Fla., Wallace Allbritton, Tallahassee, Fla., for respondent-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and HANCOCK *, District Judge.

* Honorable James H. Hancock, U.S. District Judge for the Northern District of Alabama, sitting by designation.

PER CURIAM:

In this death penalty case, we review the district court's order denying appellant, Kenneth Griffin's, application for a stay of execution and petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (West 1977). We affirm in part and remand in part.

## BACKGROUND

On March 15, 1979, appellant, Kenneth Griffin, was convicted of killing two young men during the robbery of a convenience store. In accordance with the jury's recommendation, the trial court imposed the death sentence. On direct appeal, the Supreme Court of Florida affirmed Griffin's conviction and sentence of death. *See Griffin v. State*, 414 So.2d 1025 (Fla.1982) (*Griffin I*).

On April 20, 1983, Griffin collaterally attacked his conviction and sentence. In doing so, Griffin filed a Motion to Vacate, Set Aside or Correct Conviction and Sentence and Order a New Trial. Griffin later amended and supplemented the aforementioned motion. On February 21, 1984, the Governor of Florida signed a death warrant which ordered that Griffin be executed on March 19, 1984.

On March 9, 1984, the state trial court held an evidentiary hearing on Griffin's claim of ineffective assistance of trial counsel, but denied the remainder of Griffin's claims as barred by procedural default.

After the evidentiary hearing, the state trial court entered an opinion denying Griffin's motion for post conviction relief under Florida Rule of Criminal Procedure 3.850. From this adverse ruling, Griffin filed in the Supreme Court of Florida a petition for writ of habeas corpus, an application for stay of execution, and an appeal from the trial court's order denying the amended motion.

On March 16, 1984, the Supreme Court of Florida affirmed the trial court's order and, thereby, denied the petition for writ of habeas corpus and the application for stay of execution. *Griffin v. State*, 447 So.2d 875 (Fla.1984) (*Griffin II*). That same day, Griffin filed in the United States District Court for the Middle District of Florida an application for a stay of execution and a petition for a writ of habeas corpus.

After granting a temporary stay of execution and reviewing the entire record, the district court denied Griffin's petition for writ of habeas corpus and application for a stay of execution, 588 F.Supp. 1549. The district court, thereafter, ruled that its temporary stay of execution would remain in full force and effect until 7 a.m. Friday, March 23, 1984, to allow Griffin an opportunity to appeal the court's decision. Additionally, pursuant to 28 U.S.C.A. § 2253 (West 1971), the district court granted Griffin a certificate of probable cause to appeal.

## ISSUES

We must determine: (1) whether Griffin received ineffective assistance of counsel; (2) whether the district court erred in refusing to grant Griffin an evidentiary hearing; (3) whether the prosecutor's reference to race as a means of identification deprived Griffin of due process and equal protection of the laws; (4) whether Griffin's capital sentence is unconstitutional under the principles of *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982); (5) whether Griffin was denied his right to an impartial jury; and (6) whether the death penalty has been discriminatorily imposed against Griffin in this case.

## DISCUSSION

I. Ineffective Assistance of Counsel

Appellant, Kenneth Griffin, contends that his counsel, a special public defender assigned to represent him, did not provide effective assistance of counsel at pretrial, trial, penalty proceedings, and on appeal. Thus, Griffin contends that he was deprived of effective assistance of counsel in violation of the sixth and fourteenth amendments to the United States Constitution. The state trial court, the Supreme

Court of Florida, and the United States District Court for the Middle District of Florida have all held that this claim is without merit. We agree.

Griffin enumerates the following areas of alleged deficiencies in his counsel's performance: (1) failure to meet with him; (2) failure to attend depositions; (3) failure to object to irrelevant and prejudicial racial remarks made by the prosecutor at trial; (4) failure at the penalty stage to present a case in mitigation; and (5) failure to raise the prosecutorial misconduct claim on direct appeal.

■ In *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court articulated the test under which claims of ineffective assistance of counsel are reviewed. First, a convicted defendant must show that counsel's performance was deficient. This, however, requires proof that counsel made errors so egregious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the convicted defendant must show that the deficient performance prejudiced his defense. To satisfy this second prong, the defendant must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland,* —— U.S. at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. After enunciating this two-prong test, the court unequivocally stated that unless a defendant satisfies this test, he fails to demonstrate that counsel's

assistance was so defective as to require reversal of his conviction or death sentence. *Strickland,* —— U.S. at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

■ Accordingly, before we can reverse Griffin's conviction or death sentence, Griffin must establish that his counsel was ineffective and that actual prejudice resulted therefrom. Griffin's claim of ineffective assistance of counsel is a mixed question of law and fact. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Washington v. Watkins,* 655 F.2d 1346, 1354 (5th Cir.1981). In resolving Griffin's claim, we must examine the totality of the circumstances and the entire record. *Palmes v. Wainwright,* 725 F.2d 1511, 1519 (11th Cir.1984) (citing *Goodwin v. Balkcom,* 684 F.2d 794, 804 (11th Cir.1982), *cert. denied,* 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983)).

■ A writ of habeas corpus issued pursuant to 28 U.S.C.A. § 2254 (West 1977) in effect vacates either the factual or legal conclusions reached by the state court system under which the petitioner was convicted. Congress, however, in 28 U.S.C.A. § 2254(d) intended not only to minimize the inevitable friction between the state and federal courts, but to mandate that factual findings made by the state court system "shall be presumed to be correct." This presumption of correctness attaches unless one of seven conditions specifically set forth in 28 U.S.C.A. § 2254(d) [1] is found to

---

1. Title 28 U.S.C.A. § 2254(d) provides:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
(3) that the material facts were not adequately developed at the State court hearing;
(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
(7) that the applicant was otherwise denied due process of law in the State court proceeding;

exist by the federal habeas corpus court or the court concludes that the relevant state court determination is not "fairly supported by the record." Title 28 U.S.C.A. § 2254(d)(8). On appeal, the burden rests upon the appellant to establish by convincing evidence that the state court findings of fact are erroneous or that one of the seven conditions set forth in 28 U.S.C.A. § 2254(d) exists. *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981). With these principles in mind, we now examine Griffin's claim of ineffective assistance of counsel.

### A. Pretrial Stage

Griffin contends that he was denied the effective assistance of counsel because his trial counsel failed to conduct adequate pretrial investigation. Specifically, Griffin alleges that his counsel: (1) spent virtually no time with Griffin prior to trial; (2) failed to ask Griffin about key witnesses in the case; (3) failed to ask Griffin about the identity or existence of witnesses with exculpatory and mitigating evidence; (4) failed to question potential witnesses; and (5) failed to attend fourteen pretrial depositions taken by counsel for co-defendant Robert John Hinson and by the state.

### 1. Pretrial Investigation

Griffin contends that his counsel's assistance at the pretrial stage of the proceedings was deficient and prejudicial to his defense. In sum, Griffin alleges that his counsel failed to meet with him and to investigate the facts underlying the indictment. At the state court evidentiary hearing, Griffin testified that his counsel never saw him until two weeks prior to the trial. The state court found that this testimony was "untruthful." The Supreme Court of Florida affirmed the trial court's order.

■ Brevity of time spent in consultation, without more, does not establish that counsel was ineffective. *Easter v. Estelle*, 609 F.2d 756 (5th Cir.1980). Thus, it is not enough for Griffin to allege that counsel only met with him once before trial "as long as counsel devoted sufficient time to ensure an adequate defense and to become thoroughly familiar with the facts of the case and the law applicable to the case." *Easter v. Estelle*, 609 F.2d at 759.

At the state court habeas corpus hearing, counsel for Griffin testified that "with the time that I interviewed Mr. Griffin, there was plenty of time, with the information that I got from him, there was time to do anything I could have done with it." After receiving evidence on Griffin's ineffective assistance of counsel claim, the state trial court found that Griffin suffered no actual or substantial detriment. The court concluded that Griffin's constitutional right to effective assistance of counsel was not violated. The Supreme Court of Florida affirmed. (*Griffin II* at 884.)

On federal habeas corpus, the district court, after a thorough review of the entire record, found that counsel for Griffin did "spend sufficient time to develop an adequate defense." Thus, the district court concluded that the state court's factual determination was "fairly supported by the record." *Sumner v. Mata*, 449 U.S. at 550, 101 S.Ct. at 770.

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

In sum, the district court did not find that any of the seven conditions set forth in section 2254(d) existed. The district court, however, did find that the state court determination was supported by the record. Title 28 U.S.C.A. § 2254(d)(8). The burden, therefore, rests on Griffin, whose case has run the entire gamut of the state judicial system, to establish "by convincing evidence that the factual determination of the State court was erroneous." Title 28 U.S.C.A. § 2254(d).

■ Like the district court, we are not convinced that counsel for Griffin did not spend sufficient time with Griffin to prepare an adequate defense and to thoroughly familiarize himself with the facts of the case and the applicable law. Correspondingly, we reject Griffin's claim of ineffective assistance of counsel on this ground inasmuch as Griffin has not shown that the state and district court findings on this issue are erroneous.

2. Counsel's Failure to Attend Depositions and Question Potential Witnesses

■ Griffin contends that the complete inadequacy of his counsel's pretrial preparation is evidenced by his counsel's failure to appear at fourteen depositions. The state court found, and the district court agreed, that Griffin's counsel was not given notice of seven depositions scheduled on December 27, 1978. As for the other seven depositions which he did not attend, Griffin's counsel testified that he decided not to attend the depositions because of his belief that counsel for Griffin's co-defendant, Hinson, would adequately represent Griffin's interest. Griffin's counsel, however, secured and used copies of these depositions in preparation for trial.

■ Additionally, the state court found, and the district court concurred, that Griffin's counsel, after missing the depositions of witnesses Bryant and Henry, did not redepose these witnesses for sound strategic reasons. Counsel did not redepose Henry because counsel had the benefit of Henry's deposition and did not want to afford Henry a chance to rehabilitate prior statements made in his earlier deposition. At trial, counsel used Henry's deposition for impeachment purposes. Counsel did not redepose Bryant because in addition to the deposition of Bryant, counsel had a copy of Bryant's lengthy statement. Counsel deemed sufficient the information contained in these documents.

■ The state court found that prior to trial, counsel conferred with potential witnesses such as Carter, Cooter, and Bryant. The state court also found that counsel had an investigator who assisted him in pretrial discovery. As for other potential witnesses with exculpatory and mitigating evidence, counsel testified, and the state court found, that Griffin never informed counsel of other potential witnesses. Griffin has not shown that the state court's findings are erroneous or that he was prejudiced by his trial counsel's deficient performance.

■ This claim really reduces itself to counsel's failure to call Crosby, who would have testified that Griffin was an excellent and willing worker, that he was well disciplined, and never displayed any violent tendencies. Counsel, of course, is never required to call every possible witness. Surely, counsel is not required to call a witness to testify to facts such as lack of violent nature when the jury has rejected such an approach and has found that the defendant is guilty of murder. We, therefore, reject Griffin's claim that he received ineffective assistance of counsel because his counsel failed to attend specified depositions and question potential witnesses.

B. Trial

Griffin asserts that his trial counsel was ineffective because he failed to object to prejudicial racial remarks made by the prosecutor. Griffin points to the prosecutor's five references to the victim(s) as "white male boy," "white boy," or "white males" in an 844 page trial transcript. The state court found that two references to the victims' race were made during voir dire and that "these were made entirely"

for identification purposes. Additionally, the state court found that two other references, for the exact same purpose, were made during the prosecution's opening statement, and once during questioning of witness Bryant. *Griffin II* at 882. After a careful review of the entire record, the state court concluded, and the district court concurred, that "this trial was conducted unblemished by any racial slurs or inferences." *Griffin II* at 882. We agree.

■■■■ We acquiesce in the state and district courts' findings that the prosecutor made the references to the victims' race for identification purposes. The sixth amendment right to effective assistance of counsel does not mandate that counsel raise every conceivable objection without regard to its merits. Griffin's trial counsel, therefore, cannot be deemed ineffective for his failure to raise a tenuous objection to the prosecutor's remarks. *Palmes v. Wainwright,* 725 F.2d 1511, 1522–23 (11th Cir. 1984). Given the totality of the circumstances, it is clear that counsel was "reasonably effective" even though he did not object to the prosecutor's references to the victims' race.

### C. Penalty Stage

Griffin also contends that his counsel was deficient in the presentation of the case in mitigation at the penalty stage. Griffin argues that his counsel failed to present a viable case in mitigation, despite the fact that a number of individuals were willing and available to provide precisely the type of information relevant to an effective mitigation presentation. This argument misses the mark.

■■■■ While reviewing ineffective assistance of counsel claims, this court does not sit to second guess considered professional judgment with the benefit of 20/20 hindsight. *Washington v. Watkins,* 655 F.2d 1346, 1355 (5th Cir.1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982). Indeed, we have continuously held that counsel will not be deemed constitutionally deficient merely because of tactical decisions. *Ford v. Strickland,* 696 F.2d

804 (11th Cir.1983); *United States v. Guerra,* 628 F.2d 410 (5th Cir.1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981); *Buckelew v. United States,* 575 F.2d 515 (5th Cir.1978). Notwithstanding the possibility that other lawyers may have employed another strategy, a finding of constitutionally ineffective representation is not automatically mandated. *Baty v. Balkcom,* 661 F.2d 391, 395 n. 8 (5th Cir. Unit B 1981), *cert. denied,* 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982); *Baldwin v. Blackburn,* 653 F.2d 942, 946 (5th Cir.1981).

■■■ Established legal precedent does not require that counsel, in order to be effective, submit to the jury all arguably mitigating character evidence that might exist. *See Eddings v. Oklahoma,* 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) (by implication). Moreover, in *Stanley v. Zant,* 697 F.2d 955 (11th Cir.1983), this court expressly stated that in some cases:

> [C]ounsel could reasonably conclude that such evidence [character evidence] would be of little persuasive value or that it would cause more harm than good by opening the door for harmful cross-examination or rebuttal evidence.... Having conducted a sufficient investigation, counsel may make a reasonable strategic judgment to present less than all possible available evidence in mitigation.

*Stanley,* 697 F.2d at 965.

■■■■ Similarly, in *Williams v. Maggio,* 679 F.2d 381 (5th Cir.1982) (en banc), the petitioner argued that his trial counsel was ineffective because counsel failed to conduct an adequate investigation, the results of which would allegedly have been the discovery of favorable character witnesses. Petitioner also argued that his counsel had not prepared properly for the sentencing hearing inasmuch as he failed to interview six readily available character witnesses for mitigation purposes. After evaluating

the affidavits and evidence presented by petitioner, the *Williams* court concluded that what "petitioner's present counsel is really objecting to is the trial strategy employed by trial counsel. We do not elect to second guess the trial strategy decisions of competent counsel." *Williams*, 679 F.2d at 392. When a lawyer makes an informed choice between alternatives, his tactical judgment will almost never be overturned on habeas corpus. *Stanley v. Zant*, 697 F.2d at 966.

At the state court hearing, counsel for Griffin testified, and the state and district courts found, that counsel was familiar with Griffin's background as a result of discussions with Griffin and an investigation by an associate in counsel's law office. Moreover, the courts concur that counsel made a strategic decision not to present mitigating character and background testimony. Instead, counsel chose to present mitigating evidence that Griffin's potential release, under a life imprisonment sentence, would not impose a threat of danger to the community.

At the state court hearing, Griffin's counsel testified:

> My decision, in this case, after living with it for a period of time and after seeing the testimony that had been presented, that, once the jury had made the determination that Mr. Griffin was, in fact, guilty, that background of Mr. Griffin, whether it be bad or poor or rotten or how grievous a life he may have been brought up in, was not going to make a difference to [the jury]....
>
> ....
>
> The only place I had to go with that was, and it was in the record, that Mr. Griffin was a good inmate, when he had been in the prison system, that he hadn't given any problems and that he was not going to give any problems out there if they voted for the life sentence.
>
> And that, if he got out of the prison system, which is what people up here are concerned about because they live here every day, if he ever got out of the system, he is not going to harm anybody else.
>
> So, that was my decision and I think that, to have come up with a sympathy type argument, saying that: 'Unfortunately, because he had such a poor life or bad life, that you don't vote for the death penalty.'
>
> Now, I felt that that would have just taken credibility away from any case that we had.

Later in the state evidentiary hearing, counsel further testified:

> I felt at that point that, with the type of crime that was being tried ... that the jury, who had convicted Mr. Griffin on that, that they weren't going to be impressed at all with his background unless there was some mental instability there. The main thing that they were concerned about is what has happened to this community and what was going to happen to them again when they go out again.

 The record suggests that Griffin's counsel explored and examined the possibility of using character and background evidence at the penalty stage, but made an informed choice between reasonable alternatives. It is well-settled law that counsel will not be regarded constitutionally deficient merely because of tactical decisions. *Ford v. Strickland*, 696 F.2d 804 (11th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983); *United States v. Guerra*, 628 F.2d 410 (5th Cir.1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981). Accordingly, Griffin has not carried his burden of proving ineffective assistance of counsel.

### D. Appellate Stage

Griffin also contends that his appellate counsel was deficient in failing to raise the prosecutorial misconduct claim on direct appeal. Succinctly stated, Griffin argues that the prosecutor's "improper racial remarks" should have been raised as prosecutorial misconduct on direct appeal in the state court.

Established legal precedent provides that a defendant has the right to effective assistance of counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.1984). Nonetheless, counsel need not brief issues reasonably considered to be without merit. *Alvord*, 725 F.2d at 1291 (citing *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir.1981)); *Hooks v. Roberts*, 480 F.2d 1196, 1197–98 (5th Cir.1973), *cert. denied*, 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). We, like the state and district courts, conclude that the prosecutor's reference to the race of the victims did not constitute objectionable prosecutorial misconduct. Finding Griffin's argument to the contrary without merit, and recognizing that "counsel need not brief issues reasonably considered to be without merit," we hold that Griffin has not carried his burden of proving ineffective assistance of counsel on appeal.

Moreover, in addition to our holding that counsel rendered reasonably effective assistance, we find that Griffin did not suffer prejudice entitling him to relief. *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Griffin has not shown that his counsel's failure to meet with him more frequently, failure to attend depositions, failure to object to references made to the victims' race, failure to present character evidence at the penalty phase, or failure to appeal the prosecutor's reference to the victims' race, constituted an actual or substantial disadvantage to Griffin. We hold that Griffin has not carried his burden of proving that he received ineffective assistance of counsel at any stage of this case. *See United States v. Killian*, 639 F.2d 206, 210 (5th Cir.), *cert. denied*, 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981).

## II. The District Court's Failure to Grant Griffin an Evidentiary Hearing

Griffin also contends that the district court erred in not granting him an evidentiary hearing on his claim of ineffective assistance of counsel. Although acknowledging that the issue of ineffective assistance of counsel was the subject of a state habeas corpus proceeding, Griffin argues that the facts crucial to a fair determination of the material issues were not adequately developed at the state proceeding. Griffin further contends that he was wrongfully denied a full and fair evidentiary hearing in the state court proceeding. Moreover, Griffin argues that because "material facts were not adequately developed at the state court hearing," and because this omission was not his fault, the district court erred in failing to hold an evidentiary hearing on his claim of ineffectiveness of counsel.

In *Mason v. Balkcom*, 531 F.2d 717, 722 (5th Cir.1976), this court's predecessor observed that specific historical facts found by a state habeas corpus court (such as what an attorney did for his client), merit section 2254(d)'s presumption of correctness in a federal habeas corpus proceeding provided that those facts are adequately and fairly supported by the record.

In this case, the state habeas corpus court made the factual finding that Griffin's counsel made a "tactical decision" to forego presentation of character and background evidence at the penalty stage of the trial. The court concluded that the decision did not constitute ineffective assistance of counsel. Second, the state habeas corpus court found that Griffin's counsel's failure to object to the prosecutor's reference to the victims' race did not constitute ineffective assistance of counsel inasmuch as the references were made entirely for identification purposes. Third, as for counsel's performance during pretrial investigation, the state habeas corpus court found that the evidence admitted at the evidentiary hearing constituted plausible and reasonable grounds for counsel's conscious determination not to take further depositions.

Nevertheless, Griffin contends that the district court erred in denying him an evidentiary hearing on his claim of ineffective assistance of counsel. Griffin argues that he made the requisite showing in the district court: (1) that material facts were not adequately developed at the state court

hearing; and (2) that he did not receive a full and fair hearing at his state habeas corpus proceeding. In *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Supreme Court held that "a federal evidentiary hearing is required unless the state court trier of fact has after a full hearing *reliably* found the relevant facts." *Townsend*, 372 U.S. at 312, 83 S.Ct. at 756. (emphasis added). The court articulated six circumstances in which a full plenary evidentiary hearing would be required even though the state court had made findings of fact.[2] As its fifth enumerated circumstance, the Court stated that an evidentiary hearing must be held whenever "the material facts were not adequately developed at the state court hearing." *Townsend*, 372 U.S. at 313, 83 S.Ct. at 757.

■ Accordingly, a federal habeas corpus petitioner, such as Griffin, must make a showing of two elements in order to receive an evidentiary hearing on the fifth circumstance articulated in *Townsend:* First, petitioner must establish that a fact pertaining to his federal constitutional claim was not adequately developed at the state court hearing and that the fact was "material" or "crucial to a fair, rounded development of the material facts"; second, petitioner must demonstrate that failure to develop that material fact at the state court proceeding was not attributable to petitioner's inexcusable neglect or deliberate bypass. *Thomas v. Zant*, 697 F.2d 977 (11th Cir.1983).

■ Griffin contends that he was denied a full and fair opportunity to present evidence in the form of the Florida State Prison's record of prison visitors. He adds that the aforementioned record constitutes a document material to his constitutional claim of ineffective assistance of counsel. Griffin argues that the prison's record corroborates his testimony that his trial counsel was ineffective because he met with Griffin only once prior to trial.

Even assuming, without deciding, that the Florida State Prison record contains facts that are "material" or "crucial to a fair, rounded development of the material facts," Griffin has not established that his failure to present this record, at the state proceeding, was not due to his own inexcusable neglect or deliberate bypass.

Griffin states that it took two and one-half months for the Florida State Prison to respond to his request to produce its record of visitors. The state evidentiary hearing terminated prior to Griffin's receipt of the records. Thus, Griffin argues that his failure to develop additional evidence as to his counsel's ineffectiveness was not due to any decision on his part, but rather to the lack of time allowed by the court.

**2.** The standards applicable to evidentiary hearings involving material facts not adequately developed at the state proceeding are governed by *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and subsection (d) of the federal habeas corpus statute, 28 U.S.C.A. § 2254 (West 1977). The *Townsend* Court articulated the criteria for determining when a federal district court, on habeas corpus review, is required to hold an evidentiary hearing and when the holding of said hearing is discretionary. In 1966, Congress added subsection (d) to 28 U.S.C.A. § 2254. The section provides that a state factual determination that is supported by reliable and adequate written records shall be presumed correct unless the petitioner can establish or it appears that the state proceeding was insufficient in one of eight specified ways. Amendment (d) virtually retained all of the *Townsend* categories and added several other categories. To be sure, *Townsend* and section

2254(d) complement each other. *See generally Thomas v. Zant*, 697 F.2d 977 (11th Cir.1983).

The *Townsend* Court observed that:

[A] federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend*, 372 U.S. at 313, 83 S.Ct. at 757.

Griffin, however, has not shown that he utilized any means more stringent than a mere "request" to obtain the record(s) in question. He does not even suggest that he subpoenaed these "material" and "crucial" documents or that he sought judicial intervention to obtain them. Although faced with imminent execution, Griffin did not petition the court for aid in obtaining records that he now claims were "material" and "crucial" to a fair development of the facts of his claim. Accordingly, Griffin has not shown, and we, therefore, are not convinced, that any failure to develop alleged "material" facts at the state proceeding is not attributable to Griffin's own inexcusable neglect or deliberate bypass. We hold that the district court properly concluded that Griffin was not entitled to an evidentiary hearing on his claim of ineffective assistance of counsel based on the fifth circumstance of *Townsend*.

■ Second, Griffin contends that he is entitled to an evidentiary hearing under the sixth circumstance delineated by the *Townsend* Court. Griffin alleges that he was wrongfully denied a full and fair evidentiary hearing in state court, and thus, the district court erred in not granting an evidentiary hearing on his ineffective assistance of counsel claim. The *Townsend* Court held that "a federal evidentiary hearing is required unless the state court trier of fact has after a full hearing reliably found the relevant facts." *Townsend*, 372 U.S. at 312, 83 S.Ct. at 756.

If a district court concludes that "the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing." *Townsend*, 372 U.S. at 318, 83 S.Ct. at 760. After a review of the entire record of the state habeas corpus proceeding, the district court found that Griffin received a full, fair, and adequate hearing before the trial judge. Because Griffin has not shown that any of the factors enumerated in *Townsend* or delineated in 28 U.S. C.A. § 2254(d) exist, we hold that the district court did not err or abuse its discre-

tion in granting a presumption of correctness to the facts found in the state evidentiary hearing. Accordingly, we reject Griffin's contention to the contrary.

### III. Evidentiary Hearing—Other Grounds

Griffin contends that the state trial court wrongfully deprived him of a hearing with respect to his unconstitutional impanelment of the jury claim. He further argues that this claim is not barred by procedural default under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). We disagree.

■ Thorough review of the record reveals that Griffin failed to raise, on direct appeal, his unconstitutional impanelment of the jury claim. The district court correctly concluded that this claim was barred under *Wainwright v. Sykes* because Griffin failed to raise it on direct appeal as Florida procedure requires. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 290, 78 L.Ed.2d 266 (1983).

■ Notwithstanding this independent and adequate state procedural bar, we may review the merits of Griffin's claim if he can show both cause excusing and actual prejudice resulting from the waiver of the aforementioned claim. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson*, 425 U.S. 536, 542, 96 S.Ct. 1708, —, 48 L.Ed.2d 149 (1976) (by implication). The evidence proffered by Griffin is wholly insufficient to establish cause excusing and actual prejudice resulting from Griffin's failure to raise the issue of unconstitutional impanelment of the jury on direct appeal. Accordingly, we affirm the district court's order denying Griffin's motion for an evidentiary hearing on this issue.

### IV. Discriminatory Imposition of the Death Penalty on the Basis of the Race of the Victim

Griffin argues that the death penalty in Florida is discriminatorily imposed based

on the race of the victim, and that the district court erred in denying him a hearing on this claim. The state habeas corpus court and the Supreme Court of Florida found that this issue was barred by procedural default. On federal habeas corpus, however, the district court found that *Henry v. State of Florida*, 377 So.2d 692 (Fla. 1979), dictated a different result. We agree.

In *Henry*, the Supreme Court of Florida held that a petitioner's contention that the death penalty is unconstitutionally applied in Florida "can properly be raised ... in a proceeding for post conviction relief." *Henry*, 377 So.2d at 692. Griffin's claim of unconstitutional application of the death penalty was properly placed before the state courts in Griffin's petition for post-conviction relief.

 Although the state courts did not pass directly on the merits of the discrimination claim, the state courts had the first opportunity to hear this claim; they were apprised of the facts and the legal theory upon which Griffin based his assertion; and they disposed of this claim. *See Picard v. Conner*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Westbrook v. Zant*, 704 F.2d 1494 (11th Cir.1983); and *Buck v. Green*, 743 F.2d 1567 (11th Cir.1984). The state courts denied relief on this claim without an evidentiary hearing on the grounds that it, along with other claims, was "insufficient on its face to state a claim for relief." *Griffin v. State*, 447 So.2d 875, 876 (Fla.1984). Accordingly, this is an exhausted claim.

Griffin has not been afforded an evidentiary hearing on the discrimination issue in either the state courts or the federal courts. The district court denied Griffin's discrimination claim stating: "The court in *Spinkellink* concluded that to state a proper constitutional claim under this theory, a petitioner must also show that Florida's death penalty system specifically and intentionally discriminated against him, either because of his own race or the race of his victim." The *Spinkellink* standard, ap-

plied by the district court, has been materially altered by *Smith v. Balkcom*, 671 F.2d 858 (5th Cir. Unit B), 677 F.2d 20 (5th Cir. Unit B), *cert. denied*, 459 U.S. 882, 103 S.Ct. 181, 74 L.Ed.2d 148 (1982); and our recent en banc opinion in *McCleskey v. Kemp*, 753 F.2d 877 (11th Cir.1985). In *McCleskey*, we stated: "*Spinkellink* can not be read to foreclose automatically all Eighth Amendment challenges to capital sentencing conducted under a facially constitutional statute." *McCleskey*, at 891. Because the standard to be applied to a claim of discrimination in imposition of the death penalty has been materially changed, and because no evidentiary hearing was conducted in this case, we remand the case to the district court for consideration of this issue in light of our recent en banc holdings in *McCleskey* and *Ross v. Kemp*, 756 F.2d 1483 (11th Cir.1985).[3] We do not imply that the district court must necessarily hold·a full evidentiary hearing on this issue; whether an evidentiary hearing is required will depend on the presence or absence of factual issues.

## V. Procedural Default

 Finally, Griffin contends: (1) that he was denied his right to an impartial jury and (2) that the prosecutor's reference to race as a means of identification deprived Griffin of due process and equal protection of the laws. Respondent, Wainwright, contends that these issues were not raised by Griffin in his direct appeal to the Supreme Court of Florida, and thus, these claims are barred by procedural default under Florida and federal law. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Spinkellink v. State*, 350 So.2d 85 (Fla.1977); *Silva v. State*, 259 So.2d 153 (Fla.1972). The Supreme Court of Florida acquiesced. *Griffin II*. Because Griffin has not shown "cause and prejudice" to render the procedural bar erected in *Wainwright v. Sykes* inapplicable in this case, we hold that the district court properly declined to hold an evidentiary hearing on

---

**3.** In both cases the studies involved were limited to findings in Georgia.

these issues or to consider the issues on their merits. *Sullivan v. Wainwright,* 695 F.2d 1306, 1310 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 290, 78 L.Ed.2d 266 (1983).

VI. The Death Penalty—Jury Instructions on Both Premeditated and Felony Murder

Griffin contends that because the jury was instructed as to both felony murder and premeditated murder, but returned only a general verdict of guilty, he cannot lawfully receive a death sentence under the principles of *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). In support of this argument, he asserts that his conviction may have been based solely on the jury's belief that he was an accomplice to a felony murder. Griffin, therefore, maintains that the imposition of the death penalty is both disproportionate and excessive in violation of the eighth and fourteenth amendments.

█ Griffin did not present this argument to the Supreme Court of Florida on direct appeal. It is well-settled law that the failure to raise an issue on appeal may preclude federal habeas corpus review. *King v. Strickland,* 714 F.2d 1481 (11th Cir.1983) (citing *Huffman v. Wainwright,* 651 F.2d 347 (5th Cir.1981).

█ Griffin, however, unlike the petitioner in *Strickland,* has proffered justification for not raising this issue, so as to excuse his procedural default. The record reveals that Griffin's trial began March 12, 1979, and Griffin's direct appeal was decided by the Supreme Court of Florida on April 8, 1982. The Supreme Court of Florida denied rehearing on June 28, 1982. The United States Supreme Court decided *Enmund* on July 2, 1982. Because the Supreme Court had not yet articulated the metes and bounds of the legal fence now erected by the Court's decision in *Enmund,* Griffin asserts that he has sufficient "cause" for failing to raise his *Enmund* claim on direct appeal. Griffin also asserts that actual prejudice is inherent in the fact that, even if he had desired to do

so, he realistically could not have raised his *Enmund* claim on direct appeal. On collateral attack, however, Griffin raised the issue by arguing it in his brief to the Supreme Court of Florida. Accordingly, we conclude that the issue of whether Griffin's punishment is cruel and unusual under the eighth and fourteenth amendments is an exhausted issue and properly before this court on its merits.

█ After reviewing the relevant evidence in this claim, we, like the district court, are compelled to hold against Griffin. Griffin relies on *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). We, however, disagree with Griffin's reading of *Enmund* and his interpretation of the evidence in this case.

The facts of *Enmund* are sharply distinguished from those in this case. The defendant in *Enmund* was waiting in the getaway car during a planned ·robbery when one or both of his co-felons shot and killed two victims who resisted the robbery. On appeal, the United States Supreme Court held that the death penalty was disproportionate to Enmund's personal culpability. The Court reasoned that Enmund did not personally "kill or attempt to kill" or have "any intention of participating in or facilitating a murder." *Enmund,* 458 U.S. at 798, 102 S.Ct. at 3377, 73 L.Ed.2d at 1152.

Examination of the record in this case, as construed by the Supreme Court of Florida and the district court, leads us to the conclusion that the individual culpability of Griffin is significantly greater than the culpability of the defendant in *Enmund.* Sufficient evidence exists in the record to support a finding that Griffin not only contemplated that lethal force might be employed during the robbery and, thus, possessed an intent to kill, but rather that he actually committed the murders himself.

At trial, Willie James Bryant testified that he drove Griffin and Robert Hinson from Gainesville, Florida, to Starke, Florida, on the night of the robbery and murders. Hinson and Griffin got out of the car

and went into the convenience store. Bryant testified that he then heard a shot and saw Hinson coming out of the convenience store holding a brown paper bag. Bryant also saw Griffin leaving the store, holding a gun in one hand and Keith Kirchaine by the other. Next, Bryant testified that he then drove the car down the road until Griffin commanded him to stop. Upon stopping, Kirchaine pleaded not to be harmed, but Griffin dragged Kirchaine into the woods and shot him.

Moreover, Alex Henry, Griffin's neighbor and friend, testified that on the next day, Henry heard the news of the robbery and murder on the radio. Henry further testified that on that afternoon, Griffin came to him and said that he and Willie James Bryant had robbed the store in Starke and that he, Griffin, had shot the two victims. Henry testified that Griffin then showed him a long, dark-colored, .22 caliber revolver. Henry added that the gun shown to him, by Griffin, looked like the drawing that depicted the convenience store manager's missing gun.

The evidence is more than sufficient to support a finding that Griffin, unlike the defendant in *Enmund*, personally killed his victims by willfully shooting them. Griffin argues that he did not act alone. *See Adams v. Wainwright*, 709 F.2d 1443, 1447 (11th Cir.1983). While it is true that others participated in some of the events during the night of the murders, sufficient evidence exists to support a finding that Griffin acted alone in the actual killing of Lundgren and Kirchaine. Griffin, therefore, is fully culpable for the murders. After examining the individual culpability of Griffin, as did the Supreme Court in *Enmund*, we agree with the district court's conclusion that the death penalty is not disproportionate in relation to Griffin's participation in the murders. *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977) (plurality opinion).

## CONCLUSION

In sum, we hold that: (1) Griffin did not receive ineffective assistance of counsel, and the district court did not err in refusing to grant Griffin evidentiary hearings on his claims; (2) the district court correctly concluded that many of Griffin's claims were procedurally barred because Griffin failed to raise them on direct appeal as Florida procedure requires; (3) Griffin has not shown "cause and prejudice" in order to advance in federal court many of his claims which were barred by procedural default; (4) Griffin's claim of unconstitutional application of the death penalty is remanded to the district court for consideration in light of our recent en banc decisions in *McCleskey* and *Ross v. Kemp*, 756 F.2d 1483 (11th Cir.1985); and (5) Griffin's capital sentence is not unconstitutional under the principles of *Enmund v. Florida*. Finding no merit in Griffin's contentions, we hold that the district court properly denied Griffin's petition for habeas corpus relief.

**AFFIRMED** in part, **REMANDED** in part.