917 So.2d 975 (2005)
Lawrence CORNER, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D05-310.
District Court of Appeal of Florida, Third District.
December 28, 2005.
*977 Lawrence Corner, in proper person.
Charles J. Crist, Jr., Attorney General, for respondent.
Before LEVY, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The petitioner, Lawrence Corner, seeks issuance of a writ of habeas corpus, raising sixteen claims of ineffective assistance of appellate counsel. As we conclude that all sixteen grounds raised by the petitioner are either procedurally barred and/or without merit, we deny his petition.
The petitioner was convicted of sexual battery and kidnapping, and was sentenced as a prison releasee reoffender to fifteen years and life imprisonment, respectively. A brief summary of the trial evidence is as follows. The victim, who was seventeen years old at the time of trial and fifteen years old when these offenses were committed, testified that she was approached by the petitioner, who she did not know, as she was walking down the street with a friend. The petitioner inquired whether the victim "knew how to do hair." When she indicated that she did, the petitioner claimed that he had an eight year old daughter and asked the victim if she would do his daughter's hair. The victim failed to keep the appointment they ultimately agreed upon.
Several weeks later, the petitioner appeared at the home of Thelma Mobley, where the victim was living at the time, and told Ms. Mobley that he was good friends with the victim's mother and that he was trying to settle a dispute between the victim and her mother. While the victim knew that the petitioner was not a friend of her mother's, she agreed to accompany the petitioner to her mother's house because the petitioner was with her two brothers and her brothers' friend. The victim testified that when they arrived at her mother's house, her brothers and their friend exited the petitioner's vehicle, but he prevented her from doing so and instead drove her to Kelsey Park Elementary School, where he locked the car doors and sexually assaulted her.
*978 The victim's testimony was corroborated by several witnesses. Her mother confirmed that she did not know the petitioner. She testified that the petitioner had attempted to learn where the victim was staying, but that she refused to give him that information. The victim's mother allowed her sons to leave with the petitioner after he claimed that he wanted to help her sons get into a summer camp and offered to take them to a store. The victim's brother testified that when he left with the petitioner, the petitioner asked him where the victim was staying and when he told him she was staying with Ms. Mobley, the petitioner drove to Ms. Mobley's house.
Ms. Mobley confirmed that the petitioner claimed he knew the victim's mother and that the petitioner told her that he was trying to resolve the conflict between the victim and her mother. Ms. Mobley testified that she allowed the victim to leave with the petitioner because he was accompanied by the victim's brothers.
The morning after the assault, the victim told Ms. Mobley what happened. Ms. Mobley contacted the police and took the victim to the hospital. Dr. Rao's examination of the victim at the Rape Treatment Center revealed evidence consistent with the victim's report of vaginal penile penetration.
Two Williams[1] Rule witnesses testified that they had also been sexually assaulted by the petitioner. The first Williams Rule witness testified that the petitioner approached her as she was walking home from school and asked if she would do his "niece's" hair. When he offered her a ride home, she accepted, but instead of taking her home, the petitioner drove her to a park and raped her. The second Williams Rule witness testified that the petitioner approached her as she and a friend were walking to a bus stop and offered them a ride, which they accepted. The petitioner stopped to buy some food, gave her friend some money to pay for the food, and when her friend got out of the car, he drove off, taking her to his apartment where he raped her. The petitioner pled guilty to that offense in 1993.
After being found guilty in the instant case, the petitioner filed an appeal which was affirmed by this court on January 28, 2004. Corner v. State, 868 So.2d 553 (Fla. 3d DCA 2004). On November 17, 2004, the petitioner filed a motion for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which was denied by the trial court on January 13, 2005, as was the petitioner's motion for rehearing/clarification (denied on March 10, 2005) and his supplemental motion for rehearing (denied on June 10, 2005). During the pendency of the petitioner's motions for rehearing in the trial court, the petitioner filed the instant petition with this court on February 11, 2005, raising sixteen separate grounds of ineffective assistance of appellate counsel.
GROUND ONE: Ineffective assistance of appellate counsel for failing to raise on appeal the introduction of a rape treatment examination report during the testimony of a substitute medical expert who was testifying from the report. We find that this ground is procedurally barred as the petitioner has previously raised this claim in his November 17, 2004, motion for postconviction relief, wherein he alleged that his trial attorney provided ineffective assistance of counsel by failing to object (file a motion to suppress) to the *979 very same evidence on the same grounds. See Mann v. Moore, 794 So.2d 595, 600 (Fla.2001), cert. denied, 536 U.S. 962, 122 S.Ct. 2669, 153 L.Ed.2d 843 (2002); Jones v. Moore, 794 So.2d 579, 583 (Fla.2001)(finding procedural bar to habeas claim which was variant to claim previously addressed); Parker v. Dugger, 550 So.2d 459, 460 (Fla.1989)("[H]abeas Corpus petitions are not to be used for additional appeals on questions which . . . were raised on appeal or in a rule 3.850 motion. . . ."). Additionally, we find the petitioner's claim to be completely without merit. The report admitted was admissible as a business record. The trial transcript additionally reflects that it was the State who objected to the admission of this report as it contained information prejudicial to the State's case. The trial court, however, ruled that if the substitute medical examiner was testifying from the report, the report must be introduced into evidence. As the petitioner's attorney did not object to its admission at trial and the petitioner benefited from its admission, appellate counsel clearly did not provide ineffective assistance by failing to raise the issue on appeal. See Rodriguez v. State, 919 So.2d 1252, 2005 WL 1243475 (Fla. May 26, 2005)("Appellate counsel is not ineffective for failing to raise issues not preserved for appeal. However, an exception is made where appellate counsel fails to raise a claim which, although not preserved at trial, represents fundamental error.") (citations omitted). As we find no fundamental error, we deny the petition as to this ground.
GROUND TWO: Ineffective assistance of appellate counsel for failing to raise on appeal prosecutor's improper attacks on defense counsel during closing argument. We find no merit to this claim. Trial counsel is not required to provide perfect representation, Mylar v. Alabama, 671 F.2d 1299, 1300 (11th Cir.1982), cert. denied, 463 U.S. 1229, 103 S.Ct. 3570, 77 L.Ed.2d 1411 (1983), and appellate counsel need not raise issues on appeal reasonably considered to be without merit. Griffin v. Wainwright, 760 F.2d 1505, 1515 (11th Cir.1985), cert. denied, 476 U.S. 1123, 106 S.Ct. 1992, 90 L.Ed.2d 672 (1986). After reviewing the complained-of arguments, we conclude that the prosecutor's arguments were not improper and note that while the trial court appears to have reached the same conclusion, in the abundance of caution, the trial court gave a curative instruction, thereby eliminating any improper inference from the arguments made.
GROUND THREE: Ineffective assistance of appellate counsel for failing to preserve issues raised on appeal for federal review. The petitioner claims that appellate counsel's failure to cite to prevailing federal case law in its brief on direct appeal will bar him from seeking federal review. The petitioner cites to no authority for this proposition which we find to be without merit as he may claim violation of his federal rights in habeas proceedings under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (codified as amended at 28 U.S.C. §§ 2244 and 2254).
GROUND FOUR: Ineffective assistance of appellate counsel for failing to raise on appeal the illegality of the petitioner's arrest and the failure of the trial court to suppress his statements. The petitioner alleges that he was not properly advised of his rights per Miranda as the officer failed to read them to the petitioner and that he did not freely and voluntarily waive his rights as he was under the influence of alcohol at the time. At the motion to suppress, held on November 7, 2000, however, the petitioner's trial attorney argued that the petitioner's rights were not clearly explained to him, not that *980 they were not read to him at all. More importantly, whether or not the petitioner's Miranda rights were read to him is not relevant as there is no dispute that the petitioner was advised of his rights "per form," which was introduced into evidence following a denial of his motion to suppress. The rights waiver form reflects that the petitioner read and initialed each right indicating that the understood the right and further initialed the portion of the waiver form where it asks if after knowing these rights, he was willing to answer the officer's questions without a lawyer present. Additionally, the form reflects the petitioner's signature under the statement, "This statement is signed of my own free will without any threats or promises having been made to me." The petitioner's claim that he was under the influence of alcohol and, therefore, could not have freely and voluntarily provided a statement to the police was not raised in the trial court and thus, not preserved for appellate review. Wright v. State, 857 So.2d 861 (Fla.2003), cert. denied, 541 U.S. 961, 124 S.Ct. 1715, 158 L.Ed.2d 402 (2004); Tillman v. State, 471 So.2d 32 (Fla.1985).
GROUND FIVE: Ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel for failing to object to an instruction given by the trial judge. A petition for writ of habeas corpus may not be used as a vehicle to review alleged ordinary trial errors cognizable by a means of a motion for postconviction relief filed pursuant to Rule 3.850. Wright; Rutherford v. Moore, 774 So.2d 637 (Fla.2000); Patterson v. State, 664 So.2d 31 (Fla. 4th DCA 1995).
GROUND SIX: Ineffective assistance of appellate counsel for failing to raise on appeal that the trial court gave the jury an incorrect jury instruction as to kidnapping. Although the trial judge's reading of the instruction may have misled the jury to believe that the State's burden was greater than it was in order to prove this offense, we find no merit to this claim as the trial court corrected itself and properly read the instruction to the jury.
The initial instruction read by the trial court as to the first element of kidnapping was: "Lawrence Corner, the defendant, forcibly, secretly, confined, abducted, imprisoned, S.G. against her will." As read, the instruction appeared to state that the State must prove that the petitioner committed every one of these acts to satisfy the first element. The corrected instruction clarified and correctly instructed the jury regarding this element: "Lawrence Corner, the defendant, forcibly or secretly confined, abducted or imprisoned S.G. against her will." As the trial judge corrected the instruction and the initial instruction did not prejudice the petitioner, appellate counsel did not provide ineffective assistance of counsel by failing to raise a meritless issue on appeal. See Griffin.
GROUND SEVEN: Ineffective assistance of appellate counsel for failing to raise on direct appeal the trial court's decision to admit the Williams Rule evidence to prove lack of consent and preparation and plan by the petitioner in committing the crimes. The petitioner argues that, while the State only requested that the evidence be introduced to show preparation and planning by the petitioner, that the trial court without request by the State additionally instructed the jury that it was being introduced to demonstrate lack of consent. We conclude that appellate counsel was not ineffective for failing to raise the issue on direct appeal as this court found on direct appeal that the Williams Rule evidence was properly "admitted to affirmatively show that Defendant Corner was engaged in a common scheme, plan, or preparation to take sexual license with minor *981 girls ...." Corner v. State, 868 So.2d 553, 557 (Fla. 3d DCA), review denied, 880 So.2d 1210 (Fla.2004).
GROUND EIGHT: Ineffective assistance of appellate counsel for failing to raise untimely response to motion to recuse. As trial counsel failed to preserve this issue below and the defendant has previously raised his trial counsel's failure to do so in his motion for postconviction relief on November 17, 2004, we find this claim to be procedurally barred.
GROUND NINE: Ineffective assistance of appellate counsel for failing to raise trial counsel's failure to file a writ of prohibition. This claim is procedurally barred on the same grounds as in Ground Eight.
GROUND TEN: Ineffective assistance of appellate counsel for failing to raise the trial court's closure of the courtroom during the minor victim's testimony. This claim is likewise procedurally barred based upon the same grounds as in the previous two grounds.
GROUND ELEVEN: Ineffective assistance of appellate counsel for failing to raise on direct appeal trial counsel's failure to object to "perjured testimony." We find this claim is procedurally barred on the same basis as noted in the preceding three grounds.
GROUND TWELVE: Ineffective assistance of appellate counsel for failing to raise trial counsel's failure to impeach the substitute medical examiner. This claim is procedurally barred on the same basis as Ground Eight through Eleven.
GROUND THIRTEEN: Ineffective assistance of appellate counsel for failing to raise on direct appeal, fundamental error committed by the introduction of perjured testimony through an "unacceptable expert witness." This claim is the same claim raised in Ground Eleven above and we find similarly that it is procedurally barred.
GROUND FOURTEEN: Ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel. This claim is likewise procedurally barred on the same basis as Ground Eight through Thirteen.
GROUND FIFTEEN: Ineffective assistance of appellate counsel for failing to properly argue the Williams Rule issue on direct appeal. We find no merit to this claim.
GROUND SIXTEEN: Ineffective assistance of appellate counsel for failing to properly argue the kidnapping issue. We find this claim to be without merit.
Petition for Writ of Habeas Corpus is denied.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).