# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2543
Lower Tribunal No. 99-40037
_____


**Lawrence Corner,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Lawrence Corner, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SHEPHERD, EMAS and SCALES, JJ.

PER CURIAM.

Lawrence Corner appeals a denial by the trial court of his motion to request permission to file a petition for writ of habeas corpus. In 2001, Corner was

convicted of kidnapping and sexual battery. He was sentenced to life in prison for the kidnapping charge and fifteen years for the sexual battery charge. This Court affirmed the convictions and sentencing in Corner v. State, 868 So. 2d 553 (Fla. 3d DCA 2004). Including both the direct appeal and the current appeal, Corner has filed in this Court fourteen post-conviction petitions or appeals.[1] For the reasons set forth below, we affirm the trial court's ruling and issue an order to show cause.

Underlying Corner's current appeal is Corner's allegation that he was not given a proper Miranda warning at the time of his arrest. This issue was raised in a motion to suppress and heard in an evidentiary hearing in November of 2000. The trial court denied Corner's motion to suppress and Corner did not raise this issue on direct appeal. Corner, however, raised this issue fruitlessly in an earlier post-conviction petition for writ of habeas corpus. Corner v. State, 163 So. 3d 1205 (Fla. 3d DCA 2015) (Table).

As the trial court points out in its order on appeal, Corner is attempting to use the habeas corpus petition as a disguised rule 3.850 motion. See Baker v. State,

---

[1] Corner v. State, 163 So. 3d 1205 (Fla. 3d DCA 2015) (Table); Corner v. State, 151 So. 3d 1255 (Fla. 3d DCA 2014) (Table); Corner v. State, No. 3D14-921 (Fla. 3d DCA Aug. 5, 2015); Corner v. State, No. 12-2537 (Fla. 3d DCA Mar. 4, 2013); Corner v. State, 90 So. 3d 292 (Fla. 3d DCA 2012) (Table); Corner v. State, 59 So. 3d 120 (Fla. 3d DCA 2011) (Table); Corner v. State, 35 So. 3d 34 (Fla. 3d DCA 2010) (Table); Corner v. State, 27 So. 3d 669 (Fla. 3d DCA 2010) (Table); Corner v. State, 17 So. 3d 1235 (Fla. 3d DCA 2009) (Table); Corner v. State, 928 So. 2d 1233 (Fla. 3d DCA 2006) (Table); Corner v. State, 917 So. 2d 975 (Fla. 3d DCA 2005); Corner v. State, 913 So. 2d 736 (Fla. 3d DCA 2005) (Mem).

878 So. 2d 1236, 1241 (Fla. 2004) (holding that a petition for writ of habeas corpus cannot substitute for an appropriate motion for post-conviction relief under rule 3.850). By treating Corner's motion to request permission to file a habeas corpus petition as a rule 3.850 motion, the trial court determined that the motion is "legally insufficient, time-barred, successive, and conclusively refuted by the record."[2] We agree.

## ORDER TO SHOW CAUSE

Corner is hereby directed to show cause, within forty-five days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other proceedings related to his criminal convictions and sentencing in circuit court case number F99-40037.

If Corner does not demonstrate good cause, any such further and unauthorized filings by Corner will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. See § 944.279(1), Fla. Stat. (2015).

Affirmed. Order to show cause issued.

---

[2] We note that this case represents the third effort in as many years that Corner has tried to evade the limitations of a rule 3.850 motion through an inapt habeas corpus petition. Corner, 163 So. 3d 1205; Corner, 151 So. 3d 1255.