# Third District Court of Appeal
## State of Florida

Opinion filed February 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1068
Lower Tribunal No. F22-8490
_____


**Chestel Thorson,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Chestel Thorson, in proper person.

Ashley Moody, Attorney General, for appellee.


Before EMAS, HENDON and BOKOR, JJ.

PER CURIAM.

Affirmed.  See La-Casse v. Inch, 307 So. 3d 921, 923 (Fla. 3d DCA 2020) ("A petition for writ of habeas corpus may not be used to challenge the legality of a defendant's judgment of conviction. A defendant must seek such relief, if at all, through the procedure established in rule 3.850. Nor may habeas corpus be used as a substitute for an otherwise procedurally barred motion for postconviction relief under rule 3.850.")  See also Baker v. State, 878 So. 2d 1236, 1241 (Fla. 2004) (reaffirming the well-established principle that "habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief, ... [n]or can habeas corpus be used as a means to seek a second appeal or to litigate issues that could have been or were raised in a motion under rule 3.850") (citations omitted); Beiro v. State, 289 So. 3d 511, 511 (Fla. 3d DCA 2019) (noting: "The mere incantation of the words 'manifest injustice' does not make it so."); Corner v. State, 218 So. 3d 922, 923 (Fla. 3d DCA 2016) (issuing an order directing defendant to show cause why he should not be barred from filing further pro se pleadings, noting that defendant was "attempting to use the habeas corpus petition as a disguised rule 3.850 motion").